Harper, J.
The only question necessary to be considered is, whether *160 a married woman may sustain a suit for her separate property, her husband being joined in the bill. If she may, she certainly cannot be estopped by her husband’s deed, made in his individual capacity.
When property is settled to the separate use of a married woman, and no trustee is appointed, it is the known rule of the Court that the husband shall be made a trustee. Being such trustee, it should seem that he was a necessary party to a suit for the trust property, and being liable for costs, that any other prochein amy was unnecessary. It is true that it was said by Lord Hardwicke, Pawlet v. Delaval, 2 Ves. sen. 663, if a bill be brought by husband and wife for the wife’s property, it is the husband’s bill; but in that case, for aught that appears, the suit was for the benefit of the husband.
He explains in Griffith v. Hood, Ib. 453, that “ where there is any thing for the separate use of the wife, a bill ought to be brought by her pochein amy for her, otherwise it is her husband’s bill. However, there have been eases of such a bill by the husband and wife, and the Court has taken care of the wife, and ordered payment to some person for her. ”
*2041 *This is, I suppose, what we are bound to do, if the bill be -I sustained. A husband, from necessity, is construed the trustee of the wife, but he is not the proper trustee. In general, the office of a trustee is to protect the property against the husband.
The Chancellor’s decree is therefore affirmed, and it is ordered that it be referred to the Commissioner to report to the Court of Chancery at its next sitting, a proper person to be appointed the trustee of the plaintiff, Mrs. Boykin, and that upon such trustees being appointed, the property allotted to Mrs. Boykin under the writ of partition, be delivered to him to be held to the uses of John Adamson’s will.
Johnson, J., and O’Neall, J., concurred.